### BOYLE LEATHER GOODS CO., Inc., v. FELDMAN et al.

District Court, S. D. New York.
Jan. 9, 1940.

John P. Chandler, of New York City, for plaintiff.

Louis Schumacher, of New York City, for defendants.

GALSTON, District Judge.

This is a patent infringement suit in which infringement is alleged of letters patent No. 1,444,811, issued February 13, 1923, to J. P. Tarbox, for a portable filing case, and of letters patent No. 1,889,765, issued December 6, 1932, to the Travelers Efficiency Case Co., Inc., of New York as assignee of the inventor Leon Switkes, for a combination traveling case and portfolio. Though the complaint includes allegations of infringement of trade-marks "Efficiency" and "Travelers' Efficiency" and of unfair competition, they were abandoned at the trial.

It appears that on June 4, 1930, a complaint was filed by Travelers Efficiency Case Company and John P. Tarbox against the defendant Feldman and one Lessem, alleging infringement of this patent and that during the years 1930 and 1931 those plaintiffs circularized the trade with notices of infringement wherein reference was made to the alleged infringement by the defendant Joseph Feldman of the Tarbox patent, and of the pendency of the infringement suit in this court. At that time the defendant Feldman had approximately 35 or 40 customers and the sending of the notice caused a drop of 90% of the business which the defendants enjoyed. On July 12, 1932, plaintiffs withdrew the suit and no action was taken against Feldman until February 24, 1938, when the present complaint was filed. In 1934 Tarbox offered Feldman an exclusive license which he rejected. Meanwhile between 1930 and 1939 Feldman spent $3,225 for advertising purposes.

On September 30, 1937, Travelers Efficiency Case Co., Inc., formerly Travelers Efficiency Case Company, acquired the entire right, title and interest in and to the Tarbox patent. The plaintiff is a licensee.

■ In the circumstances the plaintiff licensee cannot have acquired any greater rights than its licensor possessed, and the abandonment of the suit on July 12, 1932, by the then owner and licensor of the patent with consequent damage during the pendency of the suit and expense in the operation of business conducted' by the defendant thereafter, indicate an unreasonable delay which sustains the defense of laches raised by both defendants, for Feldman's co-defendant is but a customer of

his. It may be noted that the Tarbox patent will expire on February 13, 1940, so that in any event injunctive relief could be but nominal.

The invention of the Switkes patent, the remaining patent in suit, is as its title indicates a device combining a traveling case and portfolio. The first three claims are in issue. It will be sufficient to refer to the first claim.

The specification recites that the objects of the invention which include the provision of a device in which the filing portion in collapsed condition is completely enclosed when not in use, and which may be readily exposed to view and expanded to render the filing portion accessible to use, and which seeks to have the cover carry the collapsible expensive filing receptacle, leaving a portion of the suit case in the interior free for the accepting of articles to be used while traveling, are attained by certain novel features of construction.

The filing portion, or perhaps to state it more accurately, the filing receptacle forming part of this combination, comprises a bottom member which is secured at the inner end thereof to the interior of the frame 18 at the base thereof. The lateral portions of this bottom member of the receptacle and a part of the cover are connected by pleated portions secured throughout their forward and rear vertical edges to the bottom member of the receptacle and the connected part of the cover, while being free at their upper and lower edges. The lower edges of the pleated members are confined at a point in proximity to the connection of the bottom member of the receptacle to the cover to provide at opposite sides fan-like collapsible-expansible elements.

Among the patents relied on by the defendant to establish invalidity is that to Sonin, No. 1,524,757. This patent relates to a hat box and discloses upper and lower recessed members forming the top and the bottom of the hat box, which are hinged together to form a casing. There is a partition member, 10, adapted to fit snugly within a flange or rim portion of the cover member. Stay pieces of a flexible character are provided to connect the partition member with the cover which limits the movement of the partition member. The partition and the flexible side stay are foldable into the confines on the recess of the upper member and are adapted, when expanded and when the casing is closed,

to project into the recess of the lower member. Provision is made on either or both of the faces of the partition member for a pocket for the convenient storage or packing of articles. This patent is not an anticipation of the Switkes patent for it discloses no files, one partition, and no open bottom at the inner end of the partition. Indeed it is a wholly different structure from that of Switkes.

The patent to Blakely, No. 1,097,290, issued May 14, 1914, is for a valise. It discloses pockets in the hinged cover portion but no means are provided for preventing pinching of the contents thereof at the lower ends.

Patent No. 821,019, to Cooke, issued May 22, 1906, is for a receptacle for letters or other papers. This patent really is nothing more than an expansible receptacle for letters or other papers—a file envelope. The side and bottom portions are pleated or gusseted, as in the Switkes patent. Partitions fit within the grooves of the pleats. The bottom and sides of the file are formed by bellows-folds and are preferably unitary. The closed pleated bottoms prevent the papers from dropping through. The patent does show the combination of a wooden box having a cover to which the bottom cover of the paper file is secured, and the specification does state that the box and file are so connected that the box "can be opened conveniently for the insertion of papers in the pockets and their removal therefrom in any position." The closed pleats at the bottom restrict the pockets at that point, and in the open position of the file would pinch the lower ends of the partitions.

Patent No. 314,598 to Meek, issued March 31, 1885, is for a file for holding blanks. This is not a very close reference, though it does disclose adjustable parts, arranged on cords, with bellows work at the sides of the compartments so "that the weight of the contents will close up and keep closed the bottom of the compartments when the case is hung on a wall, as it is intended to be when in use, the blanks resting on the lacing through or at the bottom of the compartments." This structure is obviously unlike the elements which make up the Switkes file receptacle.

Patent No. 1,081,014 to H. Burchess, issued December 9, 1913, is for a suit case. This discloses a pocket arranged in one member of the suit case. The pocket has overlapping flaps, one flap being provided with straps having snap fasteners. Beyond indicating a combination of a pocket adaptable for filing papers in a suit case, it bears no relation to the Switkes patent in suit.

British letters patent No. 156,365 of 1920 relates to improvements in attaché dressing and writing cases. This patent lacks the specific details of Switkes, though showing a plurality of conventional pockets, having no expansibility of any degree. Other patents considered are those to Krick, No. 504,840, for a traveling bag; to Solamone, No. 591,548, for a pocket case; to Hollis, No. 979,763, for a hand bag, and to Geissler, No. 1,101,490, for a pocketbook. The Krick patent does not have the pleated gussets of Switkes, nor a plurality of partitions from the common base. This device is intended for a combination holder of such articles as a notebook, cigars or cigarettes, match box, combs and mirrors; there is no means suggested for expanding the size of the partitions once the case is formed.

The patent to Hollis is for a hand bag. It does not disclose pleated walls nor means for expansibility of the partitions.

The Geissler patent for a pocketbook device has the same limitations.

■ In the matter of anticipation of the Switkes patent, that to Tarbox is the closest. If the Switkes device shows no improvement over Tarbox, then obviously the Switkes patent would describe not a true combination but a mere aggregation of parts. But the outstanding novelty of Switkes' invention is the manner of construction of the partition 36, which is secured at the inner end thereof to the interior of the frame 18 at the base. This provides in effect a floating partition; whereas in the Tarbox device the front and back cover members of the portfolio are made of one piece of leather being connected at their inner sides, for extensible, relative, angular movement by the bottom portion 12. This difference, though perhaps slight, is sufficient to account for the utility of the Switkes combination suit case and portfolio.

Two forms of defendant's structure are in evidence. Type No. 2 (Plaintiff's Exhibit 8) is completely removable from the casing and as such is a portfolio in itself. It appears that type No. 1 (Exhibit 7) embodies each and every element of the claims 1, 2 and 3 of the Switkes patent; but type No. 2 does not infringe because it lacks the specific floating partition which lends

invention to the Switkes patent. If these claims were interpreted with sufficient breadth to include the portfolio of Exhibit 8, then the Tarbox patent would read as an anticipation of Switkes.

The plaintiff may have a decree in accordance with the foregoing opinion.

Submit findings of fact and conclusions of law in conformity with the foregoing opinion.